| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>STANLEY DAVIS,<br><br>                            Plaintiff,<br><br>        -against-<br><br>SUFFOLK COUNTY DISTRICT ATTORNEY, et al.,<br><br>                            Defendant.<br>------------------------------------------------------------------X | For Online Publication Only<br><br><br><br>**ORDER**<br>21-CV-2238 (JMA) (AKT)<br><br>**FILED**<br>**CLERK**<br>7:33 pm, Nov 04, 2021<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

**AZRACK, United States District Judge:**

Before the Court are the in forma pauperis applications filed by Stanley Davis ("Plaintiff"). (ECF Nos. 2, 9.) For the reasons that follow, the applications to proceed in forma pauperis are denied without prejudice and with leave to renew upon completion of the AO 239 Long Form in forma pauperis application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

The court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's initial application to proceed in forma pauperis, filed together with the complaint, reported that Plaintiff is unemployed and that his only source of income is from Social Security in the sum of $794.00 per month. (See ECF No. 2 at ¶¶ 2-3.) Plaintiff reports that he is "on full disability and do[es] not work." (Id. at 2.) Plaintiff did not include the second page of the Court's form with his application and did not provide any financial information concerning his asserts or expenses. Accordingly, by Notice of Deficiency dated June 15, 2021, Plaintiff was instructed to complete and return the enclosed in forma pauperis application within fourteen (14) days in order to proceed with his case. (See ECF 8.)

On June 22, 2021, Plaintiff timely filed a complete in forma pauperis application. However, upon review, because the Court finds that Plaintiff can best set forth his current financial position on the Long Form, it is denied without prejudice and with leave to renew on the Long Form within fourteen (14) days from the date of this Order. Alternatively, Plaintiff may remit the $402.00 filing fee. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Although Plaintiff continues to report that his only source of income is $794.00 per month from Social Security, he now includes additional information concerning his financial position. Plaintiff reports having no money in cash or in a bank account and states he owns nothing of value "in my name" (id. ¶¶ 2-5). In the space on the form that asks for "[a]ny housing, transportation, utilities, or loan payments or other regular monthly expenses" and their amounts, Plaintiff wrote: "Capital One credit card - $4360 Student Loan - $28,000 Teacher credit card - $4567." (Id. ¶ 6.) Although Plaintiff responded that he "can't even pay my rent" in

2

response to the question that asks for all persons who depend upon me for support, he lists "past rent" (without an amount) as a debt or financial obligation in response to the last question on the form.  (Id. at ¶¶ 7-8.)

Notably, on January 27, 2021, Plaintiff paid the Court's $402.00 filing fee in another action he commenced in this Court.  See Davis v. Commr. of Soc. Sec., 21-CV-0456 (JMA).  In addition, in that case and the present case, Plaintiff filed an application for the appointment of pro bono counsel on May 7, 2021 (see 21-CV-0456 (JMA), ECF No. 16; 21-CV-2238 (JMA) (AKT), ECF No. 7), wherein he reports that he pays monthly rent in the sum of $309.00 and avers that he pays money to support an individual (S.Z.) each month.  (Id. ¶¶ 6-7.)  Given that Plaintiff's applications raise more questions that they answer, they are denied without prejudice and with leave to renew within fourteen (14) days on the Long Form included with this Order.  Alternatively, Plaintiff may remit the filing fee.[1]

---

[1] Plaintiff is cautioned that there are no refunds of the filing fee, once paid, regardless of the outcome of the case.  Accordingly, Plaintiff is well-advised to consider the merit of his claims as well as any threshold issues such as any limits on the Court's jurisdiction to adjudicate his claims as well as the statute of limitations and/or preclusion.   Plaintiff is encouraged to avail himself of the free resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School and he may reach them by telephone at 631-297-2575 or by e-mail: PSLAP@hofstra.edu.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court shall mail a copy of this Order to the Plaintiff at his address of record.

**SO ORDERED.**

Dated:   November 4, 2021
         Central Islip, New York

                                            /s/ (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE